Filed 11/14/13  P. v. Artola CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDDY ARTOLA,<br><br>    Defendant and Appellant. | B249561<br><br>(Los Angeles County<br>Super. Ct. No. BA097414) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner and Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In January 1966 defendant and appellant, Eddy Artola, was sentenced to a Three-Strikes term of 30 years to life in prison based upon his conviction of the serious and/or violent felony of second degree robbery (Pen. Code, § 211)[1] and his prior convictions of the serious and/or violent felony of second degree robbery (§ 211) and the serious felony of attempted robbery (§§ 664, 211). He appeals from the trial court's denial of his post-judgment petition to recall his life sentence and resentence him to a determinate term pursuant to section 1170.126.[2] We affirm the trial court's order.[3]

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Section 1170.126 provides in relevant part: "(a) The resentencing provisions under this section and related statutes are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to [the Three Strikes law], whose sentence under this act would not have been an indeterminate life sentence. [¶] (b) Any person serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence . . . before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those [sections] have been amended by the act that added this section." The act which added this section, Proposition 36, was approved at the November 6, 2012 election and became effective the following day.

[3]     Whether the trial court's post-judgment order is appealable is a question currently pending before the California Supreme Court. In *People v. Hurtado*, review granted July 31, 2013, S212017 (formerly 216 Cal.App.4th 941), the appellate court held that such a ruling is appealable. In *Teal v. Superior Court*, review granted July 31, 2013, S211708 (formerly 217 Cal.App.4th 308), the appellate court determined a petition for writ of mandate is the appropriate vehicle by which review of such an order should be considered. As the present matter was filed as an appeal, we treat it as an appeal from a post-judgment order which affected Artola's "substantial rights" (§ 1237, subd. (b)).

## FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial held on December 22, 1995, Artola was found guilty of second degree robbery (§ 211). The trial court then found Artola previously had been convicted of the felonies of second degree robbery (§ 211) and attempted robbery (§§ 664, 211). The trial court also determined Artola had served a prison term after having been convicted of the sale of marijuana in 1987.[4]

The probation report filed in the matter indicated Artola had been convicted of, then granted probation for, reckless driving in 1983, driving under the influence in 1986, the sale of marijuana in 1987 and exhibiting a deadly weapon in 1988. In 1989, Artola was found guilty of being under the influence of a controlled substance and sentenced to state prison. He was paroled in January 1990. Later that year, Artola was convicted of armed robbery and attempted armed robbery and was sentenced to six years in prison. With regard to a 1995 conviction of robbery, the probation officer wrote that " '[c]ircumstances of [the] present offense and [the] prior robbery case, in this [probation] officer's judgment, have a common underlying theme that can only be characterized as "bizarre." It appears [Artola's] behavior, in both cases, was alcohol or drug-induced. Notwithstanding the reason for the defendant's behavior, he represents a significant threat to the community.' "[5]

---

[4] Although these facts are not contained in the record initially filed on appeal, they are stated in two opinions previously filed by this court in this matter. At Artola's request, on September 9, 2013 this court took judicial notice of those opinions: *People v. Artola* (Sept. 8, 1997, B099782 [nonpub. opn.]) and *People v. Artola* (May 7, 1999, B121445 [nonpub. opn.]). (See Evid. Code, § 459, subd. (a).)

[5] In case Nos. B099782 and B121445, this court indicated the evidence in the present matter established that on June 18, 1994, Artola entered a liquor store, went behind the counter and removed $70 from the register. As Artola was struggling with the store clerk, police officers arrived. The officers eventually arrested Artola in the doorway of the store. At the time of his arrest, Artola had $70 and a razor blade clenched in his left hand.

On January 31, 1996, the trial court sentenced Artola pursuant to the Three Strikes law to 25 years to life with the possibility of parole for his conviction of robbery and imposed a five-year enhancement for his conviction of a serious felony pursuant to section 667, subdivision (a)(1), for a total sentence of 30 years to life in state prison. Artola appealed and, in *People v. Artola*, *supra*, B099782, this court affirmed the judgment of conviction, but remanded the matter for reconsideration of the trial court's imposition of sentence in view of the court's decision in *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, pages 529 to 530. On remand, the trial court declined to strike either of Artola's prior convictions. Artola then appealed from the resentencing. In *People v. Artola*, *supra*, B121445, this court determined "[i]n light of the nature and circumstances of Artola's present felony of robbery, his prior convictions of robbery, and also in light of the particulars of his background, character, and prospects, which were not positive, the trial court committed no abuse of discretion in concluding that Artola 'cannot be deemed outside the spirit of the Three Strikes law in any part, and hence may not be treated as though he had not previously been convicted of those serious and/or violent felonies.' (*People v. Williams* (1998) 17 Cal.4th 148, 161, 163.)" This court, accordingly, affirmed the trial court's judgment.

On February 8, 2013, Artola, acting in propria persona, filed in the Los Angeles Superior Court a "Petition for a Recall of Sentence and Resentencing Pursuant to . . . Section 1170.126." He asserted he met the criteria "for a recall of sentence, in accordance with . . . [s]ection 1170.126, subdivision (e), as that statu[t]e has been added by Prop[osition] 36" in that, on December 22, 1975, the date the jury found him guilty of second degree robbery, the crime was not considered to be a "serious" or "violent" felony. In addition, he argued "a recall of [his] sentence and resentencing would not pose an unreasonable risk of danger to public safety."**[6]**

---

**[6]** Subdivision (e) of section 1170.126 provides in relevant part: "An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not

4

In a Memorandum of Decision filed March 26, 2013, the trial court denied Artola's motion with prejudice. With regard to Artola's argument the offense of which he had been found guilty, second degree robbery, had not been considered a "serious" or "violent" felony on December 22, 1995, the date of his conviction of the offense, the trial court noted that pursuant to section 667, subdivision (h), "all references to existing statutes in subdivisions (c) to (g), the Three Strikes law, are to statu[t]es as they existed on November 7, 2012." On that date, subdivision (c) of section 667.5 provided that " 'violent felony' shall mean any of the following:  [¶] . . . [¶]  (9) Any robbery." In addition, section 1192.7, subdivision (c) indicated that " 'serious felony' means any of the following:  [¶] . . . (19) robbery or bank robbery; . . . [and] (39) any attempt to commit a crime listed in this subdivision other than an assault[.]" Since subdivision (e) of section 1170.126 provides that an inmate is eligible for resentencing if he or she is serving an indeterminate term of life imprisonment for a conviction of a felony or felonies which are *not* defined as serious and/or violent felonies by subdivision (c) of section 667.5 or subdivision (c) of section 1192.7, the trial court determined Artola was ineligible for resentencing.

Artola filed a timely notice of appeal from the trial court's order and a request for the appointment of appellate counsel on May 9, 2013.

## CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record. By notice filed August 23, 2013, the clerk of this court advised Artola to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. Artola filed a supplemental brief on September 13, 2013.

---

defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." Subdivision (f) of section 1170.126 indicates that if a petition for recall of a defendant's sentence satisfies the criteria set forth in subdivision (e) of the statute, he or she "shall be resentenced . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to [the] public safety."

In his brief, Artola first asserted his prior convictions for robbery and attempted robbery should have constituted a single strike. He indicates both convictions stemmed from a single incident which occurred on September 10, 1990 and the trial court's failure to strike one of them amounted to an abuse of discretion. This court, however, had already considered the contention and rejected it. In its opinion filed in *People v. Artola*, *supra*, B099782, this court stated: "Section 667, subdivision (d), defines 'a prior conviction of a felony' for . . . purposes of the Three Strikes law. Nothing in that subdivision restricts prior convictions to charges brought and tried separately. [Citation.] Because the Three Strikes law adopts a comparable restriction with respect to current charges in section 667, subdivision (c)(6), the omission of that restriction in the definition of a prior serious or violent felony conviction must be seen as intentional. [Citation.] Thus, the Three Strikes law does not require otherwise qualifying prior convictions to be based on charges brought and tried separately."

Artola next contended the trial court erred when it failed to strike one of his prior convictions in the interests of justice. The contention is without merit. In its prior opinion in this matter in *People v. Artola*, *supra*, B121445, this court noted the trial court had denied Artola's motion to strike one or both of his 1990 prior convictions because, although they had been part of a single incident, Artola had used a firearm and had been sentenced to six years in state prison for the offenses. Moreover, the trial court had " 'not see[n] a mitigation sufficient to strike a prior.' " After finding "no abuse of the trial court's discretion in this case," this court indicated: "Although a trial court must state its reasons in support of an order dismissing a prior conviction in the interests of justice (§ 1385, subd. (a)), there is no similar requirement that a trial court explain its decision not to exercise its power to dismiss or strike [a prior]. [Citation.] . . . The record reveals the trial court heard the argument of counsel, indicated it was aware of its discretion to strike the prior convictions, and then concluded Artola was the type of individual targeted by the Three Strikes law and . . . it would be inappropriate to impose anything other than a third strike term in this case. . . . [¶] In light of the nature and circumstances of Artola's present felony of robbery, his prior conviction[] of robbery, and also in light of

6

the particulars of his background, character, and prospects, which were not positive, the trial court committed no abuse of discretion in concluding . . . Artola '[could not] be deemed outside the spirit of the Three Strikes law in any part, and hence [could] not be treated as though he had not previously been convicted of those serious and/or violent felonies.' (*People v. Williams* (1998) 17 Cal.4th 148, 161, 163.)"

In his brief, Artola also requested this court to look at his "record of self rehabilitation" while serving his sentence in prison as a reason for finding the trial court abused its discretion when it denied his motion to strike one or both of his priors. However, as indicated above, subdivision (f) of section 1170.126 provides that "[u]pon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e)" in that he or she is serving an indeterminate sentence for a crime considered to be neither serious nor violent. If the petitioner satisfies the criteria, he or she shall be resentenced unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. Subdivision (g) of Section 1170.126 provides in relevant part: "In exercising its discretion in subdivision (f), the court may consider: [¶] . . . [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated . . . ." However, here Artola does not satisfy the criteria of section 1170.126, subdivision (e). He is serving an indeterminate sentence of life imprisonment for felonies defined as "serious" and/or "violent." Thus, although Artola has provided a number of documents indicating he has, during his incarceration, completed programs in education, vocational education, religious education, anger management and prevention techniques with regard to his substance abuse, the trial court was under no obligation to consider them. Since Artola does not satisfy the requirements of subdivision (e), he is ineligible for resentencing pursuant to section 1170.126.

## REVIEW ON APPEAL

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

## DISPOSITION

The trial court's order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KLEIN, P. J.

We concur:

CROSKEY, J.

ALDRICH, J.